**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| VICKIE FORBY, individually and<br>on behalf of all others similarly situated<br>in Illinois,<br><br>              Plaintiff,<br>v.<br><br>ONE TECHNOLOGIES, LP,<br>ONE TECHNOLOGIES<br>MANAGEMENT LLC, and<br>ONE TECHNOLOGIES CAPITAL LLP,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)     Civil No. 3:15-cv-00757-SMY-PMF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' MOTION TO DISMISS OR TRANSFER

Defendants One Technologies, LP, One Technologies Management LLC, and One Technologies Capital LLP (collectively "One Technologies") move pursuant to the doctrine of *forum non conveniens*, as well as Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss all claims asserted by the plaintiff, Vickie Forby ("Forby") in her Complaint. In the alternative, One Technologies moves for a transfer to the Northern District of Texas pursuant to 28 U.S.C. § 1404. In support of its motion, One Technologies relies on and incorporates the accompanying memorandum of law. As more fully described in the memorandum of law, the Complaint should be dismissed or transferred for the following reasons.

*First*, both of Forby's claims are governed by broad and mandatory arbitration and forum selection clauses, to which Forby agreed when she made her online purchase. The parties' agreement selects arbitration in Dallas, Texas, as the sole method of dispute resolution, and thus

requires dismissal under the doctrine of *forum non conveniens*.[*]  The forum selection clause requires that any legal proceeding be brought in Dallas, Texas.  Accordingly, if the Court does not dismiss under the doctrine of *forum non conveniens*, transfer to the Northern District of Texas pursuant to 28 U.S.C. § 1404 is appropriate.

**Second**, One Technologies' website clearly and conspicuously discloses the essential terms of Forby's purchase, such that her Complaint fails to state a cognizable claim and should be dismissed with prejudice pursuant to Rule 12(b)(6).

DATED:  July 21, 2015

Respectfully submitted,

HEPLERBROOM LLC

*Of Counsel*:

/s/ W. Jason Rankin.

Roger A. Colaizzi (*pro hac vice*)
racolaizzi@venable.com
Matthew R. Farley (*pro hac vice*)
mrfarley@venable.com
VENABLE LLP
575 7th Street, NW
Washington, DC 20004
T: (202) 344-4000
F: (202) 344-8300

Troy A. Bozarth - #06236748
W. Jason Rankin - #6237927
tbozarth@heplerbroom.com
HEPLERBROOM LLC
130 North Main Street
Edwardsville, IL  62025
618-656-0184 telephone
618-656-1364 facsimile

*Attorneys for Defendants*

---

[*] To be clear, One Technologies seeks dismissal under the doctrine of *forum non conveniens* because the parties' contract requires this dispute to be resolved by binding arbitration in Dallas, Texas.  Out of an abundance of caution, however, and due to some uncertainty in the case law regarding the proper procedural vehicle for enforcing this type of agreement (explained more fully in the accompanying memorandum of law), One Technologies also respectfully requests dismissal under Rule 12(b)(3).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been filed this 21st day of July, 2015 via the ECF/CM system with the Clerk of the Court.


           /s/ W. Jason Rankin