**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **VICKIE FORBY,** individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | **Civil Action No. 3:16-CV-856-L** |
| **ONE TECHNOLOGIES, LP; ONE TECHNOLOGIES MANAGEMENT LLC; and ONE TECHNOLOGIES CAPITAL LLP,** | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion to Compel Arbitration and Dismiss the Case (Doc. 52), filed April 17, 2017. After careful review of the motion, record, and applicable law, the court **grants** Defendants' Motion to Compel Arbitration and Dismiss the Case, and **dismisses with prejudice** this action.

**I.     Factual and Procedural Background**

On April 24, 2015, Plaintiff Vickie Forby ("Plaintiff" or "Forby") filed a class action complaint in Illinois state court against One Technologies, LP; One Technologies Management LLC; and One Technologies Capital LLP (collectively, "Defendants"), alleging claims for violations of the Illinois Consumer Fraud Act ("ICFA") and unjust enrichment. Specifically, Plaintiff contends that Defendants' website leads consumers to believe they are signing up for a free credit report; however, once consumers sign up, they are enrolled in a credit monitoring service that costs $29.95 per month.

On July 14, 2015, this action was removed to the Southern District of Illinois pursuant to 28 U.S.C. § 1332(d) and 28 U.S.C. § 1441(a). On July 21, 2015, Defendants moved to dismiss or transfer the case. In its motion, Defendants contended that the parties entered into a valid contract that requires their dispute to be resolved by arbitration in Dallas, Texas. Defendants contended that pursuant to Seventh Circuit precedent the court could not compel arbitration outside of its district. Defendants, therefore, requested that the court dismiss the action pursuant to the doctrine of *forum non conveniens*, or transfer the action to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). In the alternative, Defendants requested that the court dismiss with prejudice the action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. On March 25, 2016, Judge David R. Herndon issued a memorandum and order that transferred this action to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

On May 9, 2016, Defendants moved to dismiss all of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. On March 31, 2017, the court denied the motion with respect to Plaintiff's ICFA claim; granted the motion with respect to Plaintiff's unjust enrichment claim; and dismissed with prejudice Plaintiff's unjust enrichment claim. On April 17, 2017, almost thirteen months after the case was transferred to the Northern District of Texas, Defendants moved to compel arbitration and dismiss with prejudice this case. Defendants also simultaneously moved to stay the proceeding and for a protective order regarding discovery pending resolutions of the motion to compel. On April 24, 2017, the court held a telephonic hearing and granted Defendants' expedited motion to stay the proceedings and issued a protective order. On May 8, 2017, Plaintiff filed her response to Defendants' Motion to

Compel Arbitration and Dismiss the Case. On May 22, 2017, Defendants filed their reply to Plaintiff's response.

## II.     Applicable Law

The Federal Arbitration Act ("FAA") "embodies the national policy favoring arbitration." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006); *Neal v. Hardee's Food Sys., Inc.*, 918 F.2d 34, 37 (5th Cir. 1990).  In deciding whether to grant a motion to compel arbitration, the court first considers whether the parties agreed to arbitrate the dispute at issue. *See Webb v. Instacorp., Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (per curiam).  The court next determines whether there are any legal restraints external to the agreement that would foreclose arbitration of the dispute.  *See OPE Int'l LP v. Chet Morrison Contractors, Inc*., 258 F.3d 443, 445-46 (5th Cir. 2001) (per curiam).  There is a strong presumption against a finding that a party waived arbitration, and the party contending that the right to arbitration has been waived bears a heavy burden.  *Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 422 (5th Cir. 2014) (quoting *Republic Ins. Co. v. PAICO Receivables, LLC,* 383 F.3d 341, 344 (5th Cir. 2004)).

"Under this circuit's precedent, a party waives its right to arbitrate if it (1) 'substantially invokes the judicial process' and (2) thereby causes 'detriment or prejudice' to the other party." *Id.* (quoting *Miller Brewing Co. v. Fort Worth Distrib. Co.,* 781 F.2d 494, 497 (5th Cir.1986)).  To invoke the judicial process, "the party seeking arbitration must have taken acts in the lawsuit sufficient to 'demonstrate[ ] a desire to resolve the arbitrable dispute through litigation rather than arbitration.'" *Pacheco v. PCM Const. Servs., L.L.C.*, 602 F. App'x 945, 948 (5th Cir. 2015) (alteration in original) (quoting *Republic Ins. Co.*, 383 F.3d at 345).

Invocation of the judicial process alone does not constitute waiver. *Republic Ins. Co.,* 383 F.3d at 346. There must also be prejudice to the party opposing arbitration. *Id.* Prejudice in this context refers to "inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Id.* (citation omitted). Delay alone is insufficient to establish waiver of the right to arbitration. *Walker v. J.C Bradford & Co.,* 938 F.2d 575, 578 (5th Cir. 1991) ("The mere failure to assert [timely] the right of arbitration does not alone translate into a waiver of that right."). Delay does, however, "bear on the question of prejudice, and may, along with other considerations, require a court to conclude that waiver has occurred." *Id.* "Once a defendant has put the plaintiff on notice of its intent to demand arbitration, the plaintiff's burden of showing waiver by subsequent acts of the defendant is heavier." *Pacheco v. PCM Const. Servs., L.L.C.*, 602 F. App'x 945, 948 (5th Cir. 2015) (citing *Keytrade USA, Inc. v. Ain Temouchent M/V,* 404 F.3d 891, 897 (5th Cir.2005)). "Waiver of an arbitration right will not be lightly inferred without some showing of prejudice" and "plaintiffs' failure to bring forth more than generalized protestations about the costs of delay are insufficient to overcome the strong federal presumption in favor of arbitration." *Walker*, 938 F.2d at 578.

## III. Discussion

Defendants move to compel arbitration of the parties' dispute and dismiss this action. Defendants contend that the arbitrator should determine the enforceability of the arbitration clause, not the courts. Further, Defendants contend that even if the court decides the enforceability of the arbitration provision, the court ought to compel arbitration, as a valid arbitration provision exists and the dispute falls within the scope of that provision. Plaintiff counters that Defendants have waived their right to arbitration by invoking the jurisdiction of the courts, which has caused

Plaintiff to suffer prejudice. The court will first address Defendants' argument regarding the enforceability of the arbitration clause, and then it will discuss whether the Defendants have waived their right to arbitration.

### A.    Enforceability of the Arbitration Provision

Plaintiff fails to respond to Defendants arguments regarding the enforceability of the arbitration provision. Plaintiff, therefore, does not dispute that she assented to the Terms and Conditions on the Defendants' website, which contained the arbitration provision at issue. Accordingly, there does not appear to be any dispute over the existence of a valid arbitration clause or whether the parties' dispute falls within that clause. As this issue is not in dispute, it is no longer before the court, and there is no reason for the court to address enforceability.

### B.    Waiver of the Right to Arbitrate

#### 1.    Invocation of the Judicial Process

Forby contends that Defendants waived their arbitration right by substantially invoking the judicial process. To support her argument, Forby compares this case to *In Re Mirant Corp.*, 613 F.3d 584 (5th Cir. 2010). In *Mirant*, the court determined that the defendants invoked the jurisdiction of the court by "filing multiple motions to dismiss, seeking and partially obtaining a dismissal with prejudice, and waiting eighteen months before invoking arbitration." *Mirant*, 613 F.3d at 588. The *Mirant* court stated that defendants' "request for a dismissal with prejudice reinforce[d] [the court's] conclusion that it sought a decision on the merits in [the] case," because "[a] dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit." *Id*. at 589 (internal quotation omitted). Plaintiff contends that, similar to the defendants in *Mirant*, "Defendants sought to adjudicate the merits of Plaintiff's claims by filing a stand-alone 12(b)(6) motion to dismiss with prejudice," and they waited to move to compel

arbitration until after the court ruled on the motion to dismiss. Pl.'s Resp. to Mot. to Compel Arb. 7-8 (hereinafter, "Pl.'s Resp.").

Defendants counter that they have not substantially invoked the judicial process, and even if they did, Forby has failed to establish any resulting prejudice. Defendants contend that Forby has failed to meet the heavy burden placed on her to demonstrate Defendants' waiver of arbitration. Defendants contend that "simply fil[ing] a defensive or 'perfunctory' motion to dismiss" is not a substantial invocation of the judicial process. Defs.' Reply to Mot. to Compel Arb. 2 (hereinafter, "Defs.' Reply"). Defendants contend that other cases have had "more participation in the judicial process than has occurred here and still not found waiver of the right to arbitrate." *Id*. Defendants further support their contention by distinguishing the facts of the present case from the primary authority Forby relies on, *Mirant*. Defendant contends that *Mirant* is not applicable, as the defendants in that case filed affirmative defenses in their motion to dismiss.

The court determines that Defendants have invoked the jurisdiction of the court "by seeking a decision on the merits before attempting to arbitrate." *Mirant*, 613 F.3d at 589. Defendants did not file a perfunctory motion to dismiss, as their motion to dismiss did not involve a procedural or routine matter.[1] Instead, Defendants motion argued that Plaintiff's claims ought to be dismissed with prejudice, because, as a matter of law, the webpage was not fraudulent. Defendants' 12(b)(6) motion to dismiss, therefore, was not perfunctory, as it sought a ruling on the merits that could have led to the court dismissing with prejudice this action. Moreover, Defendants also invoked the jurisdiction of the court by waiting until after the court ruled on the motion to dismiss to compel arbitration. The case was transferred to the Northern District of Texas, which could have

---

[1] Perfunctory is defined as "characterized by routine or superficiality : MECHANICAL." Merriam-Webster's Collegiate Dictionary 920 (11th ed. 2014).

immediately enforced the parties' arbitration clause upon transfer. Instead of moving to compel arbitration, Defendants moved to dismiss the action with prejudice for failure to state a claim upon which relief can be granted. Unlike the motion to dismiss filed in Illinois pursuant to the *forum non conveniens* doctrine, the motion to dismiss that Defendants filed in this court sought a ruling on the merits and did not move to compel arbitration. Moreover, Defendants did not seek arbitration until April 17, 2017, almost thirteen months **after** the action was transferred to this district.

Accordingly, the court determines that Defendants substantially invoked the judicial process by: (1) filing a substantive motion to dismiss; (2) seeking and partially obtaining dismissal with prejudice of Plaintiff's claims; (3) waiting until after the court's ruling on the motion to dismiss to compel arbitration; and (4) waiting almost thirteen months after the transfer of this case to compel arbitration.[2]

## 2. Prejudice to Plaintiff

Forby contends Defendants' actions were to her detriment because she has been prejudiced by the delay, expenses, and damage to her legal position. Forby contends that delay has occurred, as Defendants waited almost thirteen months after the case was transferred to this court to compel arbitration. Further, Forby contends that by "[p]ermitting a defendant to compel arbitration after it strategically seeks a ruling that would greatly exceed any relief ultimately available in arbitration would permit Defendants [] to 'test the waters' in federal courts and keep a potentially less risky

---

[2] At some point the deference that district courts are required to take becomes a mockery. This court does not believe that deference goes so far as to require the court to take an unreasonable or sycophantic position. To hold that Defendants have not invoked the judicial process in this case "encourage[s] litigants to delay moving to compel arbitration until they [can] ascertain 'how the case [is] going in federal district court." *Mirant*, 613 F.3d at 590 (quoting *Hooper v. Advance Am., Cash Advance Ctrs. of Mo., Inc*, 589 F.3d 917, 922 (8th Cir. 2009)). A party should not be allowed to "play 'heads I win, tails you lose,' which is the worst possible reason for failing to move for arbitration sooner than it did." *Id.* (citation omitted).

arbitration proceeding in reserve, as needed." Pl.'s Resp. 10. Forby also contends that if arbitration is granted, she would lose the benefits of the time and expense spent opposing the Rule 12(b)(6) motion, as well as her legal position because the proceedings would essentially begin anew. Further, Forby contends that "Defendants are blatantly trying to game the system and stack the deck against her." Pl.'s Resp. 12. Finally, Forby contends Defendants have waived the right to invoke arbitration because the facts of this case indicate that Forby would suffer prejudice if the court compelled arbitration.

Defendants counter that Forby failed to establish the three important factors relevant to determine prejudice: "(1) whether discovery occurred relating to arbitrable claims; (2) the time and expense incurred in defending against a motion for summary judgment; and (3) a party's failure to timely assert its right to arbitrate." Defs.' Reply 7-8. Defendants contend discovery has not occurred here. Defendants assert that "Forby's unilateral decision to serve expansive discovery requests on [Defendants] hours before the parties' Rule 26(f) conference [could not] have prejudiced her[,]" and as such, this factor is absent. Defs.' Reply 10, n.8. Defendants also contend Forby failed to show prejudice because she had knowledge of Defendants' plan to arbitrate since they expressed that intention in their initial motion to dismiss, which was filed in the Southern District of Illinois. Further, Defendants contend Forby, not Defendants, caused the delay because she filed this matter in the wrong venue. Defendants also contend that Forby's "'skeletal allegations of expense'" are insufficient to demonstrate prejudice. Defs.' Reply 14. Finally, Defendants contend they will not seek to relitigate the sufficiency of Forby's remaining claim in arbitration, if granted, and, therefore, Forby has not been prejudiced by the loss of a "defective claim." Defs.' Reply 15.

While the court agrees that Forby has suffered some prejudice, the court determines that she has not suffered prejudice to the extent required by existing precedent and Fifth Circuit authority. The only prejudice that Forby has adequately demonstrated is delay, and delay alone is insufficient to establish that Forby has been prejudiced by Defendants' invocation of the judicial process. *Tristar Fin. Ins. Agency, Inc. v. Equicredit Corp. of Am.*, 97 F. App'x 462, 465 (5th Cir. 2004) ("Delay by itself 'falls far short' of establishing a waiver.") (quoting *Texaco Exploration & Prod. Co. v. AmClyde Engineered Prods. Co.*, 243 F.3d 906, 912 (5th Cir. 2001)).

With respect to delay, the court disagrees with Defendants' argument that the delay was caused by Forby, as Defendants waited almost thirteen months after the case was transferred to this court to move to compel arbitration. Moreover, the court disagrees with Defendants' contention that Plaintiff was on notice of their intention to compel arbitration. Defendants' motions to dismiss, which was based on an arbitration provision, was filed in Illinois in July 2015, and when Defendants filed their motion to dismiss in this court in May 2016, they did not assert arbitration as a basis to dismiss. As their May 2016 motion to dismiss sought dismissal with prejudice on all of Plaintiff's claims, it is reasonable that Plaintiff would not have notice of Defendants intention to compel arbitration. As Defendants did not refer to arbitration or include it as a basis to dismiss, a reasonable person could conclude that Defendants were no longer seeking arbitration. *See Mirant*, 613 F.3d at 587-88, 91 (noting that an oblique reference that a party was reserving its right to arbitrate in a footnote was insufficient to preserve the arbitral process.). Defendants "cannot keep [their] right to demand arbitration in reserve indefinitely while it pursues a decision on the merits before the district court." *Id.* at 591. Delay is the only prejudice Plaintiff has established.

Forby fails to establish prejudice to her legal position, as she primarily relies on conclusory statements to support her position. While Forby contends that her "full legal strategy and legal position were revealed through her response to Defendants' 12(b)(6) motion," she does not set forth the basis for this argument. Forby's contention she was still "prejudiced by Defendants' actions because the court dismissed one of her claims *with prejudice*[,]" is incorrect, as her unjust enrichment claim was not arbitrable since it was barred by law. Pl.'s Resp. 12, n.5. *Martis v. Perkin Mem'l Hosp. Inc.*, 917 N.E.2d 598, 606 (2009) ("Where there is an express contract that governs the relationship of the parties, the doctrine of unjust enrichment has no application."). Moreover, Forby cites to *Mirant* as authority to support her argument that she suffered prejudice to her legal position from the exposure of her legal strategy. The court disagrees. As a preliminary matter, this case is easily distinguishable from *Mirant*, as in that case, the plaintiff suffered significantly more prejudice in responding to the defendant's motion to dismiss. The court in *Mirant* determined the plaintiff suffered prejudice to its legal position because it "gave [defendant] a full preview of [plaintiff's] evidence and litigation strategy, particularly its arguments and evidence in response to [defendant's] affirmative defenses." 613 F.3d at 592. In her Response in Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss on her ICFA claim, Forby simply pointed out that questions of fact existed and that Defendants' authorities were distinguishable. Pl.'s Resp. to Mot. to Dismiss. 7-14. As such, the court cannot determine that Forby suffered prejudice to her legal position.

With respect to legal expenses, the court cannot determine whether Forby incurred significant legal expenses, as she does not state the costs that she incurred while responding to Defendants' Motion to Dismiss. While Forby has demonstrated prejudice from Defendants' delay in seeking to compel arbitration, she has failed to demonstrate prejudice to her legal position and

that she expended significant legal expenses. Since the Fifth Circuit has made clear that delay alone is insufficient to demonstrate the necessary prejudice, the court cannot conclude that Defendants have waived their right to compel arbitration.

## IV.    Conclusion

For the reasons stated herein, the court determines that Plaintiff has not satisfied both requirements for waiver, and her waiver argument fails; and the court **concludes** that Defendants have not waived their right to arbitrate.  Accordingly, the court **grants** the Defendants' Motion to Compel Arbitration and Dismiss the Case.  Plaintiff's ICFA claim must be submitted to arbitration in accordance with the Terms and Conditions of the Agreement to arbitrate.  As all claims are subject to arbitration, the court **dismisses with prejudice** this action.  *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).

**It is so ordered** this 10th day of July, 2017.

Sam A. Lindsay
United States District Judge