IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VICKIE FORBY, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED,<br>    PLAINTIFF,<br><br>V.<br><br>ONE TECHNOLOGIES, LP, ONE TECHNOLOGIES MANAGEMENT LLC, AND ONE TECHNOLOGIES CAPITAL LLP,<br>    DEFENDANTS. | CASE NO. 3:16-CV-856-L (BK) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's referral order, Doc. 104, before the Court are *Defendants' Motion to Compel Arbitration and to Stay Proceedings*, Doc. 97, *Defendants' Motion, In the Alternative, to Strike Plaintiff's Class Allegations*, Doc. 99, and *Defendants' Motion for a Temporary Stay of All Proceedings Pending Resolution of Defendants' Motion to Compel Arbitration*, Doc. 102. For the reasons that follow, the motion to compel arbitration should be **DENIED**, the motion to strike class allegations **GRANTED**, and the motion for temporary stay **DENIED AS MOOT**.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Vickie Forby ("Plaintiff" or "Forby") filed a class action complaint in Illinois state court against One Technologies, LP, One Technologies Management LLC, and One Technologies Capital LLP (collectively, "Defendants"), alleging violations of the Illinois Consumer Fraud Act ("ICFA") and unjust enrichment. Doc. 1-2 at 14-17. Defendants removed

the action to the United States District Court for the Southern District of Illinois, which subsequently transferred the case to this Court. Doc. 1.

Prior to class certification, Defendants moved to dismiss all of Plaintiff's claims under Rule 12(b)(6). Doc. 41. The Court granted Defendants' motion as to Plaintiff's unjust enrichment claim. Doc. 50. The Court later granted Defendants' motion to compel arbitration of Plaintiff's remaining ICFA claim, Doc. 52. *Forby v. One Techs., LP*, No. 3:16-CV-856-L, 2017 WL 2930514, at *3 (N.D. Tex. July 10, 2017), *rev'd and vacated sub nom. Forby v. One Techs., L.P.*, 909 F.3d 780, 786 (5th Cir. 2018). However, the Court of Appeals reversed, holding that Defendants substantially invoked the judicial process and therefore waived their right to enforce the Arbitration Agreement against Plaintiff. *Forby*, 909 F.3d at 786.

Upon remand, Plaintiff filed a Second Amended Complaint, reasserting her ICFA claim and alleging a new cause of action under the Credit Repair Organizations Act ("CROA"). Doc. 96 at 14-18. Now, Defendants again seek to enforce the Arbitration Agreement, contending that Plaintiff "revived" Defendants' previously waived arbitration rights by filing a "Second Amended Complaint that significantly reshapes and broadens this case." Doc. 98 at 6. Defendants clarify that they are not seeking "to reopen the issue of whether it initially waived its right to arbitrate by filing its motion to dismiss," but instead ask "the Court to examine [Plaintiff's] conduct since that initial waiver," Doc. 115 at 6. Both parties agree that "neither the Fifth Circuit nor any court within this Circuit has addressed [this] issue."[1] Doc. 115 at 7. The

---

[1] Defendants define the issue as "whether the Second Amended Complaint has revived One Technologies' arbitration rights by significantly reshaping and broadening this dispute." Doc. 115 at 5.

2

Court agrees that this issue is dispositive.[2]

## II. ANALYSIS

**A.     Motion to Compel Arbitration**

Upon review of the briefs and the applicable law, the Court finds that Defendants' waived arbitration rights were not revived by Plaintiff filing a Second Amended Complaint. Defendants contend that previously waived arbitration rights are revived when a complaint is amended in a way that changes the scope or theory of a plaintiff's claims. Doc. 98 at 9 (citing *Krinsk v. SunTrust Banks, Inc*. 654 F.3d 1194, 1203-03 (11th Cir. 2011)). Defendants argue that Plaintiff's Second Amended Complaint materially alters the nature of this dispute by adding claims and expanding the putative class size. Doc. 98 at 10.

As an initial matter, *Krinsk* is not binding on this Court as neither the Court of Appeals for the Fifth Circuit nor this Court have cited or adopted *Krinsk*'s holding. Nevertheless, Defendants' argument fails under *Krinsk*, because the claims asserted in Plaintiff's Second Amended Complaint do not alter the scope or theory of the underlying litigation in an unforeseeable way. Noting that "a defendant's waiver of the right to compel arbitration is not automatically nullified by the plaintiff's filing of an amended complaint," the Court of Appeals for the Eleventh Circuit held, "courts will permit the defendant to rescind his earlier waiver, and revive his right to compel arbitration, only if it is shown that the amended complaint unexpectedly changes the scope or theory of the plaintiff's claims." *Krinsk*, 654 F.3d at 1202 (cited cases omitted).

---

[2] Consequently, the Court does not visit the parties' arguments concerning the applicability of the Arbitration Agreement.

Here, just as in *Krinsk*, Plaintiff's present and previous claims are premised on the same core of operative facts. Indeed, Plaintiff's ICFA claim is essentially identical to that asserted in her previous complaint, and both the ICFA and CROA claims in the Second Amended Complaint are premised on the same alleged misconduct as asserted in the previous complaint. *Compare* Doc. 1-2 at 15, *with* Doc. 96 at 17 (both alleging, with virtually identical language, that Defendants used fraud and deception to mislead customers about the cost of Defendants' credit monitoring services). *See Stankos*, 255 So. 3d at 380 (reversing trial court and concluding amended complaint did not alter the scope or theory of the underlying litigation in an unforeseeable way where newly added claims were "based on the same core set of facts raised in the initial pleading").

Moreover, unlike in *Krinsk*, the potential class here is not significantly expanded by Plaintiff's CROA claim. *See Krinsk*, 654 F.3d at 1203-4 (finding that the amended complaint opened "the door to thousands—if not tens of thousands—of new class plaintiffs not contemplated. . . and by expanding the class period from over three months to over three years," thereby "alter[ing] the shape of litigation" such that the defendant should be permitted to rescind his arbitration waiver). In this case, Plaintiff's Second Amended Complaint does not expand the putative class size beyond an unforeseeable amount because Plaintiff's ICFA claim in the original complaint and the CROA claim in the Second Amended Complaint both allege that "[t]housands and thousands of consumers have been misled into and charged for credit monitoring services they did not want, typically at the price of $29.95 a month." Doc. 1-2 at 17; Doc. 96 at 17. *See Stankos*, 255 So. 3d at 380 (distinguishing *Krinsk* because the original complaint, like the newly added claims in the amended complaint, already asserted a similar

4

claim for misrepresentation).

For the foregoing reasons, Defendants' arbitration rights are not revived by Plaintiff's Second Amended Complaint. Accordingly, Defendants' motion to compel arbitration, Doc. 97, should be **DENIED**. Relatedly, Defendants' motion for temporary stay, Doc. 102, should be **DENIED AS MOOT** since Defendants' motion to compel arbitration will no longer be pending.

### B.   Motion to Strike Class Allegations

The Court next considers Defendants' motion to strike class allegations, Doc. 99, in which they request that Plaintiff be required to file a third amended complaint without reference to any class members or class allegations. Doc. 99 at 1. Defendants' request is premised on their contention that they have not waived their arbitration rights as to any putative class members. Defendants' argument is well taken.

While, as concluded by the appellate court and here, Defendants waived their right to arbitrate Plaintiff's claims, they have not waived their right to arbitrate the putative class members' claims. "To invoke the judicial process, a party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *In re Mirant Corp.,* 613 F.3d 584, 589 (5th Cir. 2010). Stated differently, a party must have litigated the claim the party now proposes to arbitrate to invoke the judicial process. *Subway Equip. Leasing Corp. v. Forte,* 169 F.3d 324, 328 (5th Cir. 1999). "The question of what constitutes a waiver of the right of arbitration depends on the facts of each case . . . ." *Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009) (citing *Walker v. J.C. Bradford & Co.,* 938 F.2d 575, 576 (5th Cir.1991)).

In the instant case, Defendants cannot have waived their arbitration rights as to putative

class members because the class has yet to be certified. *See In re Online Travel Co.*, 953 F. Supp. 2d 713, 725 (N.D. Tex. 2013) (striking claims of absent class members prior to class certification pursuant to Rule 23(d)(1)(D) because "no class has been certified, claims of absent class members are not part of the litigation . . . . [and] [d]ismissal of putative class members' claims would be premature.") (citing *Kay v. Wells Fargo & Co. N.A.*, No. C 07-01351 WHA, 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007)). Further, Defendants' prosecution of its previous motion to dismiss could not have substantially invoked the judicial process against the putative class members' claims because dismissal of their claims would have been premature. *Wells Fargo.*, 2007 WL 2141292, at *2 ("The makeup of the class, if any, is yet to be determined, so dismissing putative class members' claims is premature. Class allegations can, however, be stricken at the pleading stage."). The Court also notes that, as a general rule, striking class allegations does not render purported class actions moot until "the personal claims of all named plaintiffs are satisfied and no class has been certified." *Murray v. Fid. Nat'l Fin., Inc.,* 594 F.3d 419, 421 (5th Cir. 2010).

Because Defendants have not waived their right to arbitrate the putative class members' claims, Defendants' motion to strike class allegations, Doc. 99, should be **GRANTED**, and the allegations of any putative class members subject to the Arbitration Agreement in Plaintiff's Second Amended Complaint should be considered stricken. However, for clarity going forward, Plaintiff should be directed to file an amended complaint that does not include the class allegations.

### III. CONCLUSION

For the foregoing reasons, Defendants' *Motion to Compel Arbitration and to Stay*

6

*Proceedings*, Doc. 97, should be **DENIED**, Defendants' *Motion to Strike Plaintiff's Class Allegations*, Doc. 99, should be **GRANTED**, and Defendants' *Motion for a Temporary Stay of All Proceedings Pending Resolution of Defendants' Motion to Compel Arbitration*, Doc. 102, should be **DENIED AS MOOT**. Further, Plaintiff should be **ORDERED** to amend her complaint to exclude all allegations of a class action.

   **SO RECOMMENDED** on November 8, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF
RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(B). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).