IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VICKIE FORBY,** *individually and on behalf of all others similarly situated*, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:16-CV-856-L** |
| **ONE TECHNOLOGIES, LP; ONE TECHNOLOGIES MANAGEMENT, LLC; and ONE TECHNOLOGIES CAPITAL, LLP**, | § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

On November 8, 2019, the United States Magistrate Judge entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 118) ("Report"), recommending that the court: (1) deny Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 97); (2) grant Defendants' Motion, In the Alternative, to Strike Plaintiff's Class Allegations (Doc. 99) and require Plaintiff to filed an amended complaint that excludes all class allegations; and deny as moot Defendants' Motion for a Temporary Stay of All Proceedings Pending Resolution of Defendants' Motion to Compel Arbitration (Doc. 102).

Plaintiff filed objections (Doc. 119) to the Report, contending that the magistrate judge erred in recommending that her class allegations be stricken. Defendants filed objections (Doc. 120) to the Report, contending that the magistrate judge erred in recommending that their Motion to Compel Arbitration be denied by failing to consider their contention that Plaintiff should be compelled to arbitrate her new Credit Repair Organizations Act claim because Defendants could not have waived

**Memorandum Opinion and Order - Page 1**

their right to arbitrate this new claim. Defendants also filed a response to Plaintiff's objections.[*] For the reasons that follow, the court **accepts in part and rejects in part** the findings and conclusions of the magistrate judge.

I.      **Defendants' Motion to Compel Arbitration and to Stay Proceedings  (Doc. 97)**

The Report adequately addresses the issues raised by the parties with respect to Defendants' Motion to Compel Arbitration, and the court determines that the magistrate judge's findings, conclusions, and recommendations regarding this motion is correct. Accordingly, having reviewed Defendants' Motion to Compel Arbitration, pleadings, file, record in this case, and Report, and having conducted a de novo review of the portions of the Report to which objection was made with respect to this motion, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** the Defendants' objections and **denies** Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 97).

II.     **Defendants' Motion, In the Alternative, to Strike Plaintiff's Class Allegations (Doc. 99)**

As noted, the magistrate judge recommended that the court grant Defendants' Motion, In the Alternative, to Strike Plaintiff's Class Allegations ("Motion to Strike") (Doc. 99) and require Plaintiff to filed an amended complaint that excludes all class allegations. Specifically, the magistrate judge recommended that "the allegations of any putative class members subject to the Arbitration Agreement in Plaintiff's Second Amended Complaint should be stricken," as Defendants did not, and could not "have waived their arbitration rights as to putative class members because the

---

[*] Plaintiff Vickie Forby refers to herself and those similarly situated to her as "Plaintiffs," whereas, Defendants refer to Vickie Forby and those similarly situated to her as "Plaintiff," presumably because no class has been certified at this juncture. For purposes of this order, the court's reference to "Plaintiff" or "Forby" refers to Vickie Forby.

class has yet to be certified." Report 5-6. For the reasons that follow, the court **rejects** the findings and conclusions of the magistrate judge with respect to Defendants' Motion to Strike (Doc. 99), as the court determines that Defendants have no class arbitration rights to waive.

### A.     The Parties' Contentions

In support of their Motion to Strike, Defendants argue that the court should strike Forby's class allegations because they have a "broad and enforceable" arbitration agreement with all absent class members that has not been waived by them, and "it is undisputed that all putative class members' claims are subject to [binding] individual arbitration." Defs.' Mot. to Strike 12, 14. Defendants further assert that, because, "every absent putative class member is subject to binding, individual arbitration," Forby's class allegations necessarily fail, as she will never be able to meet Federal Rule of Civil Procedure 23(a)'s numerosity, typicality, and adequacy requirements for class certification, and no amount of discovery will cure this deficiency. Thus, Defendants' Motion to Strike centers on its contention that, because all claims and disputes by individual persons who purchase and use Defendants' credit monitoring services are subject to binding arbitration under the arbitration agreement at issue, the arbitration agreement necessarily extends to and requires arbitration of class or collective actions.

Defendants contend that it is undisputed that they have a valid arbitration agreement with all absent class members based on this court's opinion in *Forby v. One Techs., LP*, 3:16-CV-856-L, 2017 WL 2930514 (N.D. Tex. July 10, 2017), which was reversed by the Fifth Circuit on November 28, 2018. *See Forby v. One Techs., L.P.*, 909 F.3d 780 (5th Cir. 2018). Defendants also rely on the declaration of One Technologies Senior Escalations Administrator Kevin Hain ("Hain"), in which he states:

**Memorandum Opinion and Order - Page 3**

> 5. One Technologies began selling its credit-monitoring services on October 1, 2008. Ever since October 1, 2008, every person who has purchased and used One Technologies' services first had to click a button, as part of the enrollment path, confirming that he or she had agreed to the "Terms and Conditions" that were (and still are) accessible during the enrollment process. This is true for all consumers who clicked through the enrollment path on all ScoreSense websites. Ever since October 1, 2008, it has been impossible for a person to enroll in One Technologies' credit-monitoring services without first agreeing to the Terms and Conditions.
>
> 6. From October 1, 2008 through May 16, 2019, the One Technologies Terms and Conditions have always included an arbitration agreement that has had the same material terms (any changes have been clerical, e.g. punctuation or identifying parties by name rather than category). A true and correct copy of the arbitration agreement that One Technologies has used since October 1, 2008 can be found at Paragraph 23 of Exhibit B to my original Declaration, which was dated July 21, 2015.

Defs.' Mot. to Strike App. 3.

Defendants contend that, while the Fifth Circuit concluded that they waived their right to arbitrate Forby's claim for alleged violations of the Illinois Consumer Fraud Act ("ICFA"), it did not and could not have held that they waived their right to arbitrate any putative class members' claims because a nonnamed class member is not a party to a class-action litigation before the class is certified and, thus, cannot be compelled to arbitrate. Defendants argue that they could not have waived their right to compel arbitration of absent class members because the putative class members in this case have not yet been named and are not before the court, and, in any event, such persons are "bound by an individual arbitration agreement." *Id.* at 8 (citation omitted).

In response, Forby argues that the Fifth Circuit's waiver holding is dispositive, and Defendants' Motion to Strike is simply an attempt at an end-run around this holding, which she contends is the law of the case. In addition, Forby contends that there is no valid, enforceable arbitration agreement. Alternatively, Forby asserts:

> Setting aside whether or not the arbitration clause applies to the putative class, Defendants' arguments as to whether [she] should be allowed class-based discovery and whether the existence of an arbitration clause precludes class litigation under Rule 23(a) are premature and should be properly presented in opposition to a motion for class certification after Defendants answer the Amended Complaint and the parties engage in discovery.

Pl.'s Resp. 2.

### B. Magistrate Judge's Nonwaiver Recommendation

Without addressing the parties' contentions regarding the applicability of the arbitration agreement, the magistrate judge focused on Defendants' waiver argument and determined that Defendants' Motion to Strike Forby's class allegations should be granted, as they had not waived their right to arbitrate the putative class members' claims. The magistrate judge's nonwaiver determination was based on the reasoning that: (1) Defendants could not have waived their arbitration rights as to putative class members because the class has yet to be certified;[2] and (2) Defendants' prosecution of its previous motion to dismiss could not have substantially invoked the judicial process against the putative class members' claims because dismissal of their claims would have been premature.[3] Forby filed objections to this recommendation in which she reasserts many of the same arguments in response to Defendants' Motion to Strike. She also contends that the Fifth Circuit's waiver holding was not limited to her claims.

---

[2] The Report cites the following authority to support this determination:

*See In re Online Travel Co.*, 953 F. Supp. 2d 713, 725 (N.D. Tex. 2013) (striking claims of absent class members prior to class certification pursuant to Rule 23(d)(1)(D) because "no class has been certified, claims of absent class members are not part of the litigation . . . . [and] [d]ismissal of putative class members' claims would be premature.") (citing *Kay v. Wells Fargo & Co. N.A.*, No. C 07-01351 WHA, 2007 WL 2141292, at *2 (N.D. Cal. July 24, 2007)).

[3] For support, the Report again relies on *Wells Fargo*, 2007 WL 2141292, at *2, for the proposition that: "The makeup of the class, if any, is yet to be determined, so dismissing putative class members' claims is premature. Class allegations can, however, be stricken at the pleading stage."

**Memorandum Opinion and Order - Page 5**

C. Discussion

As indicated, the court determines that the issue of whether any class claims are subject to arbitration is dispositive of Defendants' Motion to Strike and, therefore, focuses on this issue. Arbitration under Federal Arbitration Act ("FAA") "is simply a matter of contract *between the parties*; it is a way to resolve those disputes—but only those disputes—that the *parties* have agreed to submit to arbitration" (emphasis added)). *Stolt–Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)). This is so because arbitration under the FAA is based on the fundamental principle that "arbitration is a matter of consent" and contract. *Id.* As a result, "a party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so. *Id.* "[A]n agreement to submit to class arbitration may be implicit," but such an agreement "should not be lightly inferred." *Reed v. Fla. Metro. Univ. Inc.*, 681 F.3d 630, 640-41 (5th Cir. 2012), *abrogated on other grounds by Oxford Health Plans LLC v. Sutter*, 569 U.S. 564 (2013). Thus, a mere agreement to arbitrate cannot be construed as an inference that the parties had an implicit agreement authorizing class-action arbitration. *Stolt–Nielsen S.A.*, 559 U.S. at 685. Additionally, because the FAA "requires more than ambiguity to ensure that the parties actually agreed to arbitration on a classwide basis," courts cannot force parties subject to an ambiguous arbitration agreement to submit their dispute to class arbitration. *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1415 (2019).

"In determining the contractual validity of an arbitration agreement, courts apply ordinary state-law principles that govern the formation of contracts." *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 301 (5th Cir. 2004) (citing *First Options of Chicago, Inc.*, 514 U.S. at 944).

Under Texas law, there is "no presumption in favor of arbitration when determining whether a valid arbitration agreement exists." *Huckaba v. Ref–Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018). Rather, the party seeking to compel arbitration must establish the existence of a binding arbitration agreement. *Id.* "[B]ecause the validity of the agreement is a matter of contract, at this stage, the strong federal policy favoring arbitration does not apply." *Id.* at 688-89. Under Texas contract law, a contract is ambiguous if its language "is subject to two or more reasonable interpretations." *National Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995) (per curiam).

Here, Defendants rely on the arbitration clause itself, Hain's declaration, and this court's prior July 10, 2017 opinion to support their contention that it is undisputed that they have a valid arbitration agreement with all absent class members. Paragraph 23 of the agreement at issue states as follows:

> 23. ARBITRATION
>
> YOU UNDERSTAND AND AGREE THAT ALL CLAIMS, DISPUTES OR CONTROVERSIES BETWEEN YOU AND US OR OUR PROVIDERS (INCLUDING OUR RESPECTIVE PARENT, AFFILIATED, SUBSIDIARY OR RELATED ENTITIES), INCLUDING BUT NOT LIMITED TO TORT OR CONTRACT CLAIMS, CLAIMS BASED D UPON ANY FEDERAL, STATE OR LOCAL STATUTE, LAW, ORDER, ORDINANCE OR REGULATIONS, AND THE ISSUE OF ARBITRABILITY, SHALL BE RESOLVED BY FINAL AND BINDING ARBITRATION THAT WILL BE HELD IN DALLAS, TEXAS, PURSUANT TO THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION. ANY CONTROVERSY CONCERNING WHETHER A DISPUTE IS ARBITRABLE SHALL BE DETERMINED BY THE ARBITRATOR AND NOT BY ANY COURT. JUDGMENT UPON ANY AWARD RENDERED BY THE ARBITRATOR MAY BE ENTERED BY ANY STATE OR FEDERAL COURT HAVING JURISDICTION THEREOF. THIS ARBITRATION CONTRACT IS MADE PURSUANT TO A TRANSACTION IN INTERSTATE COMMERCE AND ITS INTERPRETATION, APPLICATION, ENFORCEMENT AND PROCEEDINGS HEREUNDER SHALL BE GOVERNED BY THE FEDERAL ARBITRATION ACT ("FAA"). **NEITHER YOU NOR WE SHALL BE**

**ENTITLED TO JOIN OR CONSOLIDATE CLAIMS *IN ARBITRATION* BY OR AGAINST OTHER CONSUMERS *OR ARBITRATE* ANY CLAIM AS A REPRESENTATIVE OR MEMBER OF A CLASS OR IN A PRIVATE ATTORNEY GENERAL CAPACITY**. THE PARTIES VOLUNTARILY AND KNOWINGLY WAIVE ANY RIGHT THEY HAVE TO A JURY TRIAL.

Defs.' App. 22 (Doc. 101-2) (emphasis added). Rather than authorizing arbitration of class action claims, the bolded language in this provision expressly precludes arbitration on a class-wide basis. The last sentence of the arbitration clause also states that the parties agree to waive any right to a jury trial; however, when read in the context of the entire arbitration clause, it is readily apparent that this refers only to claims by individuals that are subject to arbitration, not claims brought as a class, which are expressly excluded from arbitration.

Moreover, even if the court concluded that the arbitration agreement were ambuiguous because of the inclusion of the seemingly contradictory class arbitration preclusion and jury trial waiver language, it could not infer from any such ambiguity that the parties impliedly agreed to arbitrate class action claims. As noted, courts cannot force parties to submit their dispute to class arbitration based on: (1) an ambiguous arbitration agreement; (2) silence in an arbitration agreement regarding class arbitration; or (3) a mere agreement to arbitrate non-class action claims. Accordingly, while this arbitration clause provides for arbitration, to the extent not waived, of claims brought by persons individually, it cannot be construed as authorizing arbitration of class action claims. Hain's declaration in which he states that all persons that enroll in One Technologies' credit-monitoring services must first agree to certain terms and conditions, including the agreement to arbitration provision, does not change the court's determination in this regard, as it adds nothing to the analysis.

Defendants' reliance on the court's July 2017 opinion is also misguided, as it did not expressly address in that opinion whether class action claims were subject to arbitration as a result of the above-referenced arbitration agreement. The court's opinion, instead, focused on the issue presented, which was whether Forby's individual claims were arbitrable such that she should be compelled to arbitrate her claims. Without engaging in an extensive analysis, the court simply concluded that Forby's claims were subject to arbitration because she failed to respond to Defendants' arguments: (1) regarding the enforceability of the arbitration provision, as to her; and (2) whether she assented to the terms and conditions on Defendants' website, including the arbitration clause at issue. *Forby*, 2017 WL 2930514 at *3. Regardless, this opinion was reversed by the Fifth Circuit and, thus, does not support Defendants' assertion that it is "undisputed" that the arbitration provision at issue governs class action arbitration or requires arbitration of class action claims.

As the court has determined that the arbitration clause does not reflect an agreement to authorize or require arbitration of class action claims, it is irrelevant whether Defendants waived any alleged right to arbitrate such claims. For this reason, the court **rejects** the findings and conclusions of the magistrate judge with respect to Defendants' Motion to Strike (Doc. 99), **sustains** Plaintiff's objections to this portion of the Report, and **denies** the Motion to Strike.

### III. Defendants' Motion for a Temporary Stay of All Proceedings Pending Resolution of Defendants' Motion to Compel Arbitration (Doc. 102)

In this motion, Defendants request that the court "temporarily stay these proceedings, including all discovery, pending resolution of [their] Motion to Compel Arbitration." Defs.' Mot. 1. The magistrate judge recommended that this motion be denied as moot in light of her recommendation that the court deny Defendants' Motion to Compel Arbitration. Defendants did

**Memorandum Opinion and Order - Page 9**

not file any specific objections to this recommendation, except to assert in a footnote: "If the Court rejects the Magistrate Judge's recommendation to deny Defendants' Motion to Compel Arbitration, it should also reject the Magistrate Judge's recommendation to deny Defendants' Motion for a Stay." Defs.' Obj. 1 n.1 (Doc. 120). Having determined that Defendants' Motion to Compel Arbitration should be denied, it **denies as moot** the Motion for a Temporary Stay of All Proceedings Pending Resolution of Defendants' Motion to Compel Arbitration (Doc. 102), as recommended by the magistrate judge.

### IV. Conclusion

For the reasons explained, the court, having conducted a de novo review of the portions of the Report to which objections were made:

(1) **accepts** the findings and conclusions of the magistrate judge with respect to Defendants' Motion to Compel Arbitration (Doc. 97); **overrules** Defendants' objections in this regard; and **denies** Defendants' Motion to Compel Arbitration and Stay Proceedings (Doc. 97);

(2) **rejects** the findings and conclusions of the magistrate judge with respect to Defendants' Motion, In the Alternative, to Strike Plaintiff's Class Allegations (Doc. 99); **sustains** Plaintiff's objections in this regard; and **denies** Defendants' Motion, In the Alternative, to Strike Plaintiff's Class Allegations (Doc. 99); and

(3) **accepts** the findings and conclusions of the magistrate judge with respect to Defendants' Motion for a Temporary Stay of All Proceedings Pending Resolution of Defendants' Motion to Compel Arbitration (Doc. 102), and **denies as moot** this motion in light of the court's denial of Defendants' Motion to Compel Arbitration.

**It is so ordered** this 13th day of January, 2020.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge