IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **VICKIE FORBY,** *individually and on behalf of all other similarly situated,* § § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:16-CV-856-L** | |
| § | | |
| **ONE TECHNOLOGIES, LP; ONE TECHNOLOGIES MANAGEMENT, LLC; and ONE TECHNOLOGIES CAPITAL, LLP,** § § § § § | | |
| § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendants One Technologies, LP; One Technologies Management, LLC; and One Technologies Capital, LLP's ("Defendants") Motion to Reconsider Order Denying Defendants' Motion to Strike Class Allegations and, Alternatively, Motion for Interlocutory Appeal Under 28 U.S.C. § 1292(B) and to Stay Proceedings Pending Certification and Appeal ("Motion to Reconsider") (Doc. 124), filed January 23, 2020. After careful consideration of the Motion, response, reply, record, and applicable law, the court **grants** Defendants' Motion to Reconsider (Doc. 124); **vacates** that portion of its January 13, 2020 Memorandum Opinion and Order (Doc. 122), to the extent it relates to Defendants' Motion, in the Alternative, to Strike Plaintiff's Class Allegations ("Motion to Strike") (Doc. 99); and **denies as moot** Defendants' alternative request for interlocutory appeal and stay pending certification and appeal (Doc. 124).

**I.    Procedural Background**

The court incorporates by reference the factual and procedural background detailed in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") (Doc. 118), entered by United States Magistrate Judge Renée Toliver on November 8, 2019, and

**Memorandum Opinion and Order – Page 1**

will address only the relevant procedural and background history that occurred after the Report was entered.

In the Report, Magistrate Judge Toliver recommended that the court deny Defendants' Motion to Compel Arbitration and to Stay Proceedings ("Second Motion to Compel") (Doc. 97),[1] as it relates to Plaintiff Vickie Forby's ("Plaintiff" or "Ms. Forby") claim under the Credit Repair Organizations Act ("CROA"), which was added to her Illinois Consumer Fraud Act ("ICFA") claim in her Second Amended Complaint (Doc. 96 at 14-18).[2] Specifically, she determined that the addition of the CROA claim did not "alter the scope or theory of the underlying litigation in an unforeseeable way," such that its addition revived Defendants' right to compel arbitration. Report 3. Thus, Magistrate Judge Toliver recommended that the court deny Defendants' Second Motion to Compel, as their waiver to compel arbitration was not nullified by the new CROA claim in Plaintiff's Second Amended Complaint. She further recommended that the court deny as moot Defendants' Motion for a Temporary Stay of All Proceedings Pending Resolution of Defendants' Motion to Compel Arbitration ("Motion to Stay") (Doc. 102), since the motion to compel was no longer pending before the court.

With regard to Defendants' Motion to Strike (Doc. 99), Magistrate Judge Toliver recommended that the court grant Defendants' Motion. Specifically, she determined that while Defendants waived their right to arbitrate Ms. Forby's claims, they did not waive their rights as it relates to the "putative class members' claims." Report 5. Accordingly, and in reliance on the

---

[1] Defendants filed their first Motion to Compel (Doc. 52) on April 17, 2017, seeking to compel Plaintiff to arbitration on her Illinois Consumer Fraud Act ("ICFA") claim. The court granted Defendants' Motion, and Plaintiff appealed. The Fifth Circuit determined that Defendants waived their right to compel Ms. Forby to arbitration on her ICFA claim and reversed and remanded this action for a ruling consistent with its opinion.

[2] In Plaintiff's Second Amended Complaint, she reasserted her claim under the ICFA and added a new cause of action under the CROA. Defendants' recent Motion to Compel relates only to the CROA claim, as the Fifth Circuit has determined that they waived their right to compel arbitration with regard to Plaintiff's ICFA claim.

**Memorandum Opinion and Order – Page 2**

ruling in *In re Online Travel Co.*, 953 F. Supp. 2d 713 (N.D. Tex. 2013), Magistrate Judge Toliver recommended that the court strike "the allegations of any putative class members subject to the Arbitration Agreement in Plaintiff's Second Amended Complaint," and that the court order Plaintiff to file a Third Amended Complaint removing the class allegations. Report 6.

Ms. Forby filed Objections to the Report (Doc. 119), contending that the Magistrate Judge erred in recommending that her class allegations be stricken. Defendants filed a response to Plaintiff's Objections (Doc. 121), and also objected to the Report, contending that the Magistrate Judge erred in recommending that their Second Motion to Compel be denied because she failed to consider their contention that they have not waived their right to compel arbitration with respect to Ms. Forby's CROA claim.

After consideration of the Report and the Objections, the court issued its Memorandum Opinion and Order of January 13, 2020 (Doc. 122), accepting in part and rejecting in part the findings and conclusions of the Magistrate Judge. Specifically, the court accepted the Magistrate Judge's recommendation to deny Defendants' Second Motion to Compel and deny as moot their Motion to Stay. The court rejected, however, the Magistrate Judge's recommendation that the court grant Defendants' Motion to Strike, heavily relying on the rules of contract construction and a determination that the arbitration provision at issue permitted class arbitrations. Specifically, the court determined that the arbitration clause "refers only to claims by individuals that are subject to arbitration, not claims brought as a class, which are expressly excluded from arbitration," and, thus, the arbitration clause does not reflect an agreement to arbitrate class action claims. Doc. 122 at 9. Accordingly, the court rejected the Magistrate Judge's findings on Defendants' Motion to Strike, sustained Plaintiff's Objections to that portion of the Report, and denied Defendants'

Motion to Strike (Doc. 99), concluding that the arbitration clause did not require putative class members to arbitrate their class claims.

On January 23, 2020, Defendants filed their Motion to Reconsider (Doc. 124), asking the court to reconsider its ruling on the Motion to Strike (Doc. 99) or, in the alternative, grant them certification to file an interlocutory appeal on this issue. They also filed a Notice of Appeal (Doc. 123), challenging the court's January 13, 2020 Memorandum Opinion and Order.[3]

## II.    Motion for Reconsideration

### A.    Legal Standard

The Federal Rules of Civil Procedure do not explicitly provide for motions for reconsideration; however, Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to "revise[] at any time" "any order or other decision … [that] does not end the action." *Austin v. Kroger Texas, L.P.*, 846 F.3d 326, 336 (5th Cir. 2017) (citing Fed. R. Civ. P. 54(b)). Under Rule 54(b), the court generally reconsiders evidence before the court at the time of its prior opinion and order; however, "a district court has 'the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient.'" *Iturralde v. Shaw Group, Inc.*, 512 F. App'x 430, 432 (5th Cir. 2013) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. Unit A 1981)).

### B.    Parties' Contentions

Defendants make two arguments in its Motion to Reconsider. First, Defendants assert that Plaintiff cannot certify a class in this case and asks the court to consider the holdings in *In re Online Travel*, and other out-of-district federal cases, that have struck class allegations because the

---

[3] Defendants appeal with regard to the court's denial of its Second Motion to Compel is pending before the Fifth Circuit. With regard to the Defendants' Motion to Strike, they seek certification for an interlocutory appeal in the event the court denies their Motion to Reconsider.

unnamed members of the class would be required to arbitrate individually their claims pursuant to the Terms and Conditions agreed upon by subscribing to the credit services. It further asserts that the plain language of the arbitration clause "states that *all* disputes between the user and Defendants *shall* be resolved through arbitration, and . . . that no disputes shall be resolved through class or consolidated claims." Mot. to Reconsider Br., Doc. 125 at 6. Thus, it contends that "absent class members cannot circumvent the agreement they reached with Defendants by participating in this case as members of a class." *Id.* For this reason, Defendants assert that Ms. Forby could never meet the requirements of class certification under Federal Rule of Civil Procedure 23, and, therefore, the court should adopt Magistrate Judge Toliver's recommendation to strike Plaintiff's class allegations.

Second, Defendants assert that the court, in rejecting Magistrate Judge Toliver's recommendation to strike Plaintiff's class allegations, misunderstood Defendants' position on this issue and made its decision based on an argument never presented or briefed by the parties. Specifically, it contends that the court "appears to have erroneously believed, that in their Motion to Strike, Defendants argued that 'the arbitration agreement necessarily extends to and requires arbitration of class or collective actions,'" when they never made that assertion. *Id.* Defendants further contend that, in misconstruing their position, the court mistakenly focused on whether any class claims are subject to arbitration, when neither side disputes that class arbitration is prohibited. They contend, however, that the fact no class claims can be brought in arbitration does not mean that such claims can be pursued in a judicial forum.

Defendants further assert that the court's "reinterpretation" of the arbitration clause created "an escape hatch through which any plaintiff could avoid the arbitration agreement by simply presenting [his or her] claim as being brought on behalf of a putative class in court," and that such

an interpretation "does not follow from the plain language of the arbitration agreement which, by its text, applies to (and thus requires arbitration for) 'all' disputes." *Id.* at 7. Defendants also contend that the court's interpretation of the arbitration provision in this case is "entirely inconsistent with how a similarly worded arbitration agreement was interpreted by Judge Boyle in *Online Travel*," and contends as follows:

> The arbitration agreement at issue in *Online Travel* contained one clause requiring arbitration for "[a]ny Claim" under a specified monetary amount and a second clause stating that "the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding." *Online Travel*, 953 F. Supp. 2d at 717. However, rather than reading the second clause in isolation to mean that the arbitration agreement did not apply to any claims brought on behalf of a putative class, the court there held that "the class action waiver contained in the arbitration provision is enforceable," *id.* at 721, and it granted the defendant's motion to strike the putative class claims, *id.* at 725-26.

*Id.* Asserting this position, Defendants contend that the court should apply the same interpretation applied in *Online Travel* and, accordingly, strike Plaintiff's class allegations.

In Plaintiff's Response to Defendants' Motion to Reconsider (Doc. 127), Plaintiff contends that Defendants continue to rely on the "false premise from their original Motion to Strike: that the disputed arbitration agreement is valid, enforceable, and binding against absent class members," even though this question with respect to the absent class members has never been decided. Pl.'s Resp. to Mot. to Reconsider, Doc. 127 at 1. Despite Defendants' assertion, Plaintiff contends that the Southern District of Illinois (the "Illinois Court") only decided that the forum-selection clause was valid and enforceable against Plaintiff, but made no such ruling on the arbitration provision. She further contends that this court's Memorandum Opinion and Order of July 10, 2017 (Doc. 69), holding that the arbitration agreement was enforceable against her, was reversed and remanded by the Fifth Circuit. Accordingly, she asserts that the Fifth Circuit has not considered the validity or enforceability of the arbitration provision because its decision dealt

solely with Defendants' waiver of its right to arbitrate. Thus, Plaintiff asserts that "no decision on the merits exists holding that the arbitration agreement is valid, enforceable, and binding on the absent class members." *Id.* at 2.

As it relates to the court's alleged misunderstanding of Defendants' position, Plaintiff contends that the court decided the dispositive question necessary to address Defendants' argument:

> [C]an the arbitration provision be construed as prohibiting absent class members from joining or consolidating class claims in district court? If answered in the negative, as the [c]ourt so found, then Defendants' arguments that absent class members are bound to arbitrate their claims and that Defendants have not waived the right to arbitrate are both null.

*Id.* at 3. Accordingly, she asserts that the court "recognized that before it could strike class allegations based on the arbitration provision at issue, [it] would have to determine whether the absent members would be bound to arbitrate the class claims that they would be joining with Plaintiff." *Id.* Thus, she asserts that whether the class allegations must be stricken depends on whether any class claims are subject to arbitration, which is expressly prohibited by the arbitration agreement.

With regard to the cases relied on by Defendants, Plaintiff contends that each case is distinguishable from the case before the court. First, she asserts that in the *Online Travel* case, Judge Boyle struck the class allegations because the named plaintiff was compelled to arbitrate and the arbitration provision at issue prohibited the arbitration of class claims. Ms. Forby further contends that, similar to *Online Travel*, the courts in the two other cases cited by Defendants, *Davis v. Wells Fargo Advisors, LLC*,[4] and *In re H&R Block IRS Form 8863 Litigation*,[5] struck class

---

[4] No. CV-13-01963-PHX-NVM, 2014 WL 1370278, at *1 (D. Ariz. Apr. 8, 2014).

[5] No. 4:13-MD-02474-FJG, 2015 WL 13344628, at *1 (W.D. Mo. Jan. 7, 2015).

**Memorandum Opinion and Order – Page 7**

allegations only because the named plaintiffs were compelled to arbitrate, and the arbitration provisions at issue also prohibited the arbitration of class claims. Plaintiff notes that another case cited by Defendants, *Zieger v. Advance Am.*,[6] is most similar to the case before the court in that the plaintiff in that case opted out of the arbitration agreement, and, thus, like Ms. Forby, was not bound by its terms. The difference, however, according to Plaintiff, is that the court in *Zieger* struck the class allegations because the governing arbitration agreement prohibited class claims in *any* forum, not just in arbitration. For these reasons, Plaintiff contends that none of the cases cited by Defendants applies.

Plaintiff also rejects Defendants' interpretation of the arbitration provision and contends that Defendants misconstrue the clause as limiting class or consolidated claims in general, despite the language specifically stating that such claims are only prohibited in arbitration. Thus, she asserts as follows:

> While it might be true that, per the terms of the arbitration agreement, any *arbitration* involving an absent class member might preclude class claims and would have to be conducted on an individual basis, absent class members are *not* precluded from joining their class claims with Plaintiff's class action in this [c]ourt.

Pl.'s Resp. 8 (citing Doc. 122 at 8). She also contends that while Defendants assert that the court created an "escape hatch" for putative class members to bypass the arbitration provision, it was Defendants who created this exception by waiving their right to compel arbitration against her. *Id.* (quoting Doc. 122 at 8). Thus, she asserts that their waiver of arbitration rights regarding her claims permits putative class members to join her class action, as the arbitration agreement is silent as to whether class claims can be brought in a judicial forum.

For similar reasons, Ms. Forby rejects Defendants' assertion that the court's interpretation of the arbitration provision is inconsistent with how Judge Boyle interpreted a similar provision.

---

[6] No. 13-1614-CMS, 2014 WL 7388365, at *1 (D. Del. Dec. 29, 2014).

**Memorandum Opinion and Order – Page 8**

Specifically, Plaintiff highlights that the court's interpretation acknowledged some ambiguity in the arbitration provision at issue, as it relates to whether all class claims are prohibited or only those brought in arbitration, and, thus, it determined that the provision could not be construed as compelling absent class members to arbitrate their class claims. Moreover, Plaintiff contends as follows with regard to the application of the arbitration provision in *Online Travel*:

> If Plaintiff in the instant case had been compelled to arbitration like the plaintiff in *Online Travel*, this [c]ourt likely would have stricken class allegations because, as this [c]ourt found, the arbitration provision here "expressly excludes arbitration on a class-wide basis." . . . Plaintiff's claims are not subject to arbitration, however, and the arbitration agreement cannot be construed as prohibiting absent class members from joining or consolidating class claims in this judicial forum. It is fair to assume that, had defendants in *Online Travel* waived arbitration as Defendants have done here, Judge Boyle would not have interpreted the arbitration agreement in that case to require striking class allegations that were not heading to arbitration.

*Id.* at 9-10 (internal citations and quotation marks omitted).

For the reasons discussed, Ms. Forby contends that Defendants have failed to show a valid basis for striking her class allegations. Additionally, she asserts that, if the court reconsiders its interpretation of the arbitration agreement at issue with regard to the absent class members, Defendants' attempt to strike allegations at this stage is premature and should be raised in opposition to class certification at a later date. Accordingly, she asserts that Defendants' Motion to Reconsider should be denied.

In Defendants' Reply (Doc. 128), they contend that the arbitration agreement not only prohibits class arbitration but also bans class litigation in district court. It further asserts that Plaintiff admitted such in "her briefing in Illinois by arguing that the Terms and Conditions *'preclude class litigation and, instead, force consumers to pursue their individual claims in arbitration.'*" Defs.' Reply, Doc. 128 at 3-4. Thus, Defendants contend that the arbitration provision plainly requires individual arbitration of all disputes and does not permit class litigation.

They also assert that the court's "reinterpretation of the Terms and Conditions violates the canons of construction and creates a loophole that would allow a plaintiff to avoid arbitration by filing a putative class action[,]" and, if this approach were correct, the litigation regarding waiver in this case would have been unnecessary. *Id.* Specifically, Defendants assert that under the court's interpretation, their waiver of arbitration means nothing as Plaintiff "could have filed the class action all along and avoided arbitration by claiming class litigation was outside the scope of, and not barred by, the Arbitration Agreement," which they assert is "nonsensical, has never been endorsed by any court, violates Texas law on contract interpretation, and ignores the Supreme Court's strong policy in favor of arbitration." *Id.* at 1-2.

In support of their position, Defendants reassert that the key phrases of the arbitration clause should be interpreted as follows:

> By their plain language, the first clause states that *all* disputes between the customer and Defendants *shall* be resolved through arbitration, and the second clause states that disputes shall not be resolved through class or consolidated arbitration. Together, these two clauses make clear that absent class members must resolve all claims through individual arbitration. . . . It would not be proper to interpret "all claims, disputes, or controversies" as meaning "all claims, disputes, or controversies *except those brought on behalf of a putative class.*"

*Id.* at 3. They further contend that, based on the language of the arbitration provision, "[i]f all claims must be brought in arbitration (first clause), and if claims cannot be brought as a class arbitration (second clause), then the only place claims can be brought is in individual, one-on-one arbitration." *Id.* Defendants also reiterate that this is the interpretation Plaintiff argued in the Illinois Court and the only reasonable interpretation of the entire agreement. Thus, Defendants urge the court to reconsider its "*sua sponte* reinterpretation of the two relevant clauses of the Arbitration Agreement," and apply the above-described interpretation. *Id.*

**Memorandum Opinion and Order – Page 10**

Moreover, Defendants contend that, upon reconsidering its prior interpretation of the arbitration provision, the court should adopt Magistrate Toliver's recommendation to strike the class allegations because it is apparent on the face of the complaint that the class cannot be certified. Specifically, they note that Rule 23 directs courts to determine whether a class action can proceed as early as practicably possible and grants the court discretion to strike class allegations and require the named plaintiff to file amended pleadings. Defendants assert that even though the Fifth Circuit determined that they waived their right to compel arbitration against Ms. Forby, nothing in its opinion suggested that they waived their arbitration rights as to the absent class members. They further contend that it would have been impossible for the court to make such a determination because the unnamed class members are not a party to the litigation, as a class has not yet been certified. Nonetheless, Defendants assert that the court should follow the holding in *Gutierrez v. Wells Fargo Bank, NA*, in which the Eleventh Circuit held:

> [E]ven though the defendant waived its arbitration rights as to the named plaintiffs, the defendant did not waive its arbitration rights as to any unnamed class members, because "it would have been impossible in practice to compel arbitration against speculative plaintiffs and jurisdictionally impossible for the District Court to rule on those motions."

*Id.* at 6 (quoting *Gutierrez*, 889 F.3d 1230, 1234, 1238-39 (11th Cir. 2018)). Defendants, therefore, contend that the same should apply here and that the court should strike the class allegations. Defendants further assert that, despite Plaintiff's assertion to the contrary, the Illinois Court already held that Defendants' website provided sufficient notice to bind subscribers to all of the Terms and Conditions necessary to subscribe to the credit services, including the arbitration clause. *Id.* at 6 (citing Doc. 30 at 17).

Additionally, Defendants assert that Ms. Forby has waived her right to challenge the validity and enforceability of the arbitration provision by failing to raise this issue in response to

Defendants' First Motion to Compel or on appeal. Specifically, they contend that they explicitly argued in their First Motion to Compel that a valid agreement to arbitrate exists, but Plaintiff's response was silent on this issue. They note that this court, in its Memorandum Opinion and Order of January 13, 2020, acknowledged that there seemed to be no dispute as to the existence of a valid arbitration agreement or whether the parties' dispute fell within the provision. Moreover, they assert that Plaintiff, in her briefing before the Illinois court, conceded that the arbitration provision precludes class litigation. *Id.* at 3-4, 7. Thus, for the reasons herein stated, Defendants assert that the putative class members are bound by the arbitration provision, which requires them to resolve their claims through individual arbitration and precludes their ability to join their claims as part of Plaintiff's class action. Accordingly, Defendants request that the court reconsider its ruling in its Memorandum Opinion and Order of January 13, 2020, and grant their Motion to Strike Plaintiff's Class Allegations (Doc. 99).

    **C.**    **Analysis**

In ruling on Defendants' Motion to Reconsider, the court must determine: (1) whether putative class members may be bound by the arbitration provision at issue; and (2) whether it is facially apparent from the pleadings that Ms. Forby is unable to certify a class. In the court's Memorandum Opinion and Order of January 13, 2020, it declined to strike the class allegations because it determined that the arbitration clause refers only to claims by individuals that are subject to arbitration, not claims brought as a class, which is expressly prohibited by the arbitration clause. Doc. 122 at 8. Accordingly, the court rejected the Magistrate Judge's recommendation to strike the class allegations on this basis, determining that the provision is silent as to class litigation. Defendants, however, contend that neither party raised the issue of whether class arbitration was an option and also concedes that the arbitration clause expressly prohibits class action arbitrations.

Instead, they contend that the court's interpretation of the arbitration clause creates an "escape hatch" allowing individuals who may be subject to the arbitration agreement to bypass this requirement by pursuing a class action in court. Moreover, Defendants assert that, when read as a whole, the arbitration clause requires absent class members to resolve their disputes, if any, through individual arbitration. Defendants also highlight that all subscribers that would be included in Plaintiff's proposed class agreed to the arbitration agreement as part of the Terms and Conditions, which must be accepted before enrolling in the credit services. *See* Second Hain Decl. ¶¶ 5-6, Doc. 101-1, App. 3. Thus, Defendants contend that the putative class members are required to arbitrate their claims individually and cannot escape this barrier to litigation by joining Plaintiff's class action, as such an interpretation of the agreement would contravene the rules of construction and the Supreme Court's policy in favor of arbitration, leading to a "nonsensical" outcome.

*Before the court addresses the parties' arguments, it addresses the statement of counsel for Defendants that the court's prior interpretation was "nonsensical," among other things. Defs.' Reply 1-2. The court takes no umbrage with an attorney disagreeing with its rulings, as at least one party will usually always be adversely affected by what the court does. Disagreement is not uncommon in a highly competitive legal environment. If an attorney believes that the court has made an incorrect ruling concerning a client, the attorney may take advantage of the appellate process.*

*Defendants' attorneys' tone and use of the word "nonsensical" are "beyond the pale." The court considers the term "nonsensical" to be synonymous with "stupid" and the functional equivalent of using the term "B.S." This understanding is supported by Merriam Webster's Collegiate Dictionary. That Defendants' counsel would display such effrontery to the court is*

*astounding. In any event, if similar conduct recurs, the court will address such conduct with appropriate sanctions, as it will not tolerate such impertinent conduct. The court places the fault squarely at the feet of Defendants' counsel, as they are responsible for filing documents, as well as the content therein, with the court.* The court now addresses the substantive arguments made by the parties.

While the arbitration clause does not explicitly prohibit class action litigation in the judicial forum, the court cannot ignore that the plain language of the arbitration provision dictates that "all claims, disputes or controversies . . . shall be resolved by final and binding arbitration." Doc. 101-2 at 18.  Even considering that the agreement is silent as to class litigation, there is no denying that the broad language would serve as a barrier to resolving disputes in a judicial forum.  Thus, a reasonable application is that a named plaintiff or putative class member, who agreed to the arbitration clause, would be bound by its terms and required to arbitrate their individual claims, which would bar their ability to litigate their claims in court.  The court's decision in its Memorandum Opinion and Order on January 13, 2020 did not address issue.  Instead, as Defendant's highlight, the court focused on whether the parties had a valid agreement to submit class claims to arbitration, which neither party argued. Doc. 122 at 6-7.  Notably, Plaintiff has never challenged the enforceability of the arbitration provision on this basis. Instead, in her response to Defendant's Second Motion to Compel (Doc. 110), which she incorporated by reference in her Response to Defendants' Motion to Strike Class Allegations (Doc. 108), she argued that the arbitration provision was unenforceable because it was included in a "browse wrap agreement." Doc. 108 at 5-8.  The Magistrate Judge, however, did not address this issue in the Report, as she determined that the issue of waiver was dispositive to the motion to compel.[7]  As

---

[7] The Magistrate Judge also did not address this argument in relation to Defendants' Motion to Strike.

Memorandum Opinion and Order – Page 14

the court has determined that Ms. Forby is not subject to the arbitration provision, the court declines to address its enforceability with regard to her. Instead, the court must focus its analysis on whether the provision is enforceable against the putative class members and whether Defendants waived any rights to arbitrate their claims.

Plaintiff does not dispute that she or others were required to accept the Terms and Conditions, which included the arbitration provision, before subscribing to the credit services. Moreover, she makes no argument as to whether the putative class members may be bound by the terms of the agreement if they brought their claims individually. Instead, she contends that Defendants created the alleged "escape hatch" to arbitration, despite their assertion that the court created such exception, when they waived their rights to compel arbitration against her. Thus, she contends that Defendants' own waiver opened the door for unnamed class members to join her lawsuit in a class action. The court disagrees.

As Defendants note, they have not waived their rights to compel arbitration against the absent class members, nor can the court make such determination prior to class certification, as the class members are not yet parties to the litigation. *See Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 251 (5th Cir. 2020). In *Cruson*, the Fifth Circuit, in determining whether personal jurisdiction was a viable defense for putative class members, relied on the reasoning provided in the Eleventh Circuit Opinion, *In re Checking Account Overdraft Litigation*, 780 F.3d 1031 (11th Cir. 2015), which is directly applicable to the issue before this court.

In *In re Checking Account Overdraft Litigation*, the Eleventh Circuit reversed a district court ruling that extended the defendant's waiver of arbitration rights to the putative class and explained that "[a]bsent class certification, there is no justiciable controversy between [the defendant] and the unnamed putative class members[,] because the unnamed putative class

members are not yet before the court[.]" 780 F.3d at 1037.  Additionally, as the Fifth Circuit noted in *Cruson*, the Eleventh Circuit determined that "any ruling by the district court purporting to foreclose arbitration of 'hypothetical' claims by 'future' class members was, the court concluded, 'an impermissible advisory opinion on an abstract proposition of law." 954 F.3d at 251 (quoting *In re Checking Account Overdraft Litig.*, 780 F.3d at 1037) (internal quotations and citation omitted)).  As the Fifth Circuit has adopted the Eleventh Circuit's line of reasoning, the court determines that it is applicable to the present case as well. Accordingly, that Defendants waived their right to compel Plaintiff to arbitrate her claims has no bearing on whether they can compel the absent class members.  Further, the court determines that whether Defendants can compel arbitration as to the absent class members must be determined on a case-by-case basis.

To that point, Ms. Forby asserts that the court has not yet determined whether the arbitration agreement is enforceable, but Defendants disagree.  They note that before this case was transferred to the Northern District of Texas, the Illinois Court determined that the Terms and Conditions, which contained the forum-selection and arbitration clauses, was a valid and binding contract between the parties.  Doc. 30 at 17.  Defendants, therefore, assert that the court's ruling determined that the arbitration provision was valid and enforceable.  The Illinois Court, however, did not specifically address the arbitration provision.  Instead, it determined only that the forum-selection clause was not fundamentally unfair and, thus, was enforceable under the contract.  To date, neither the Illinois Court nor this court has addressed the enforceability of the arbitration provision, especially as it relates to the putative class members. Without determining whether the arbitration provision is enforceable against the putative class members, however, the Illinois Court's determination that the Terms and Conditions are a valid and binding contract between the parties is instructive.

As Defendants highlight, the Illinois Court's prior ruling demonstrates that the absent class members would either be bound by the terms of the arbitration agreement, or have defenses and challenges to the arbitration clause that are unique to those of Plaintiff since she is not subject to the terms of the provision. For this reason, Defendants assert that their waiver of arbitration rights at to Ms. Forby places her in a unique position—one that defeats her ability to certify a class based on the class allegations in her Second Amended Complaint and warrants striking her claims at this stage of the proceedings.

"The existence of an ascertainable class of persons to be represented by the proposed class representative is an implied prerequisite of Federal Rule of Civil Procedure 23. Whe[n] it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings." *John v. National Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) (footnotes omitted). In determining whether a class is ascertainable, the court must consider the following prerequisites pursuant to Rule 23:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Considering these requirements, Defendants contend that it is facially apparent on the pleadings that Plaintiff is unable to meet any of them because, unlike Ms. Forby, the putative class members would be bound by the terms of the arbitration agreement. Thus, they contend that their waiver of arbitration rights as to Plaintiff makes her a "class of one." The court agrees and determines that Ms. Forby cannot meet the numerosity requirement needed to certify a class under Rule 23 or the typicality and adequate representative requirements. Notably, Plaintiff provides no

argument that she can meet these requirements. Instead, she requests that the court allow class-based discovery before striking her class allegations, as doing so at this stage would be premature. She fails to explain, however, what class discovery evidence she seeks that will dispute Defendants' evidence that all subscribers were required to accept the Terms and Conditions, which include the arbitration provision at issue. Moreover, she provides no explanation or case authority, supporting her assertion that striking her class allegations prior to class certification would be premature when the Fifth Circuit allows the court to do so. *See John v. National Sec. Fire & Cas. Co.*, 501 F.3d at 445.

Without more, the court determines that class discovery will not change that putative class members' claims are likely barred by their agreement to arbitrate their claims pursuant to the Terms and Conditions. Thus, considering the allegations as presented in Plaintiff's Second Amended Complaint, the court determines that she is unable to meet the requirements necessary to certify a class under Rule 23. The court sees no reason for the parties to engage in the arduous and costly process of class discovery and certification when the outcome is readily apparent. The court, therefore, determines that striking Ms. Forby's class allegations at this stage to the extent she asserts claims on behalf of putative class members who agreed to the Terms and Conditions of the subscription service is in the best interest of judicial economy. Accordingly, the court will grant Defendants' Motion, in the Alternative, to Strike Plaintiff's Class Allegations (Doc. 99) and require Plaintiff to file a Third Amended Complaint removing such allegations.

### III. Conclusion

For the reasons herein discussed, the court determines that the putative class members are likely bound by the arbitration clause at issue, unlike Ms. Forby, which precludes her ability to certify a class under Federal Rule of Civil Procedure Rule 23. The court, therefore, **grants**

Defendants' Motion to Reconsider (Doc. 124), and **vacates** its Memorandum Opinion and Order of January 13, 2020, to the extent it rejected the Magistrate Judge's findings and conclusions with respect to Defendants' Motion to Strike Class Allegations (*see* Doc. 118 at 5-6).

The court, therefore, determines that the findings and conclusions of the Magistrate Judge, as provided in the Report with regard to Defendants' Motion to Strike (*see* Doc. 118, at 5-6), are correct and **accepts** them, as herein supplemented, as those of the court. Accordingly, the court **grants** Defendants' Motion to Strike Plaintiff's Class Allegations (Doc. 99), and **strikes** Plaintiff's class allegations as alleged in her Second Amended Complaint (Doc. 96), to the extent they raise claims on behalf of absent class members who agreed to the Terms and Conditions that include the arbitration provision at issue.

To avoid confusion moving forward, the court **directs** Plaintiff to file a Third Amended Complaint **no later than August 12, 2020,** and omit the class allegations in accordance with this opinion. As the court has granted Defendants' Motion to Reconsider, Defendants' alternative request for certification for interlocutory appeal and stay pending appeal is **denied as moot**.

**It is so ordered** this 22nd day of July, 2020.

*[Signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge